**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LUIS F.M.P.,

Petitioner,

v.

DAVID EASTERWOOD, *Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID J. VENTURELLA, *Acting Director, U.S. Immigration and Customs Enforcement*;

TODD BLANCHE, *Attorney General of the United States*; and

ERIC TOLLEFSON, *Kandiyohi County Sheriff*,

Respondents.

Civil No. 26-4057 (JRT/SGE)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Solomon Daniel Steen, **CONTRERAS EDIN LAW, P.A.,** 663 University Avenue West, Suite 200, Saint Paul, MN 55104, for Petitioner.

David W. Fuller and Pedro Del Valle, IV **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

Petitioner Luis F.M.P. was arrested and detained by immigration officials on September 10, 2026, following a truck inspection. Luis F.M.P. petitions for a writ of habeas corpus, arguing that his arrest and continued detention violate the Fourth and Fifth Amendments of the U.S. Constitution, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA"). Because the Court concludes that Petitioner's conditional parole was not terminated before he was detained, the Court will grant the petition and will order his immediate release.[1]

**BACKGROUND**

Petitioner Luis F.M.P. is a citizen of Ecuador. (Pet. Writ. of Habeas Corpus ("Pet.") ¶ 1, Sept. 18, 2026, Docket No. 1.) Petitioner entered the United States without inspection on or about October 31, 2023. (*Id.;* Decl. of James Vandervaart ("Vandervaart Decl.") ¶ 4, Sept. 23, 2026, Docket No. 6.) Petitioner has a wife and child and works in construction. (Pet. ¶ 3.) Petitioner's criminal history is limited to a "Driving License Instruction Permit Violation" on August 15, 2025, in Renville County, Minnesota, for which he was fined $135. (Vandervaart Decl., Ex. A at 3.)

On November 1, 2023, the Department of Homeland Security ("DHS") initiated removal proceedings by issuing Petitioner a Notice to Appear ("NTA"), Form I-862. (Vandervaart Decl. ¶ 5, Ex. B.) That same day, Petitioner was released on his own

[1] The Court declines to reach Petitioner's remaining claims under the Fourth and Fifth Amendment, the INA, and the APA.

recognizance pursuant to "section 236 of the Immigration and Nationality Act [8 U.S.C. § 1226.]" (Vandervaart. Decl., Ex. D.) The Record of Deportable/Inadmissible Alien, Form I-213, also issued on November 1, 2023, noted that Petitioner "did not appear to be a threat to national security, or public safety." (Exhibits to Pet'r's Reply, Ex. A at 3, Sept. 24, 2026, Docket No. 8.)

On May 19, 2025, Petitioner filed an I-589 application for protection under the Convention Against Torture ("CAT"), which is currently pending. (Vandervaart Decl. Ex. A at 3; Pet. ¶ 24.)

On September 10, 2026, the North Dakota Highway Patrol contacted Immigration and Customs Enforcement/Enforcement Removal Operations ("ICE/ERO") to inform ICE/ERO that the North Dakota officers stopped "three suspected noncitizens" during a truck inspection. (Vandervaart Decl. ¶ 6.) The highway patrol officer then sent a picture of Petitioner's ID and a record check reflecting Petitioner's active removal proceedings to ICE/ERO. (*Id.*) ICE/ERO then issued a Form I-200 administrative warrant. (*Id.* ¶ 7.) ICE/ERO officers arrived at the location of the truck inspection and arrested Petitioner. (*Id.* ¶ 8.)

Petitioner is currently detained at the Kandiyohi County Jail, in Wilmar, Minnesota. (*See* Pet. ¶ 29.)

**DISCUSSION**

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States."

*Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2). District courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3).

Petitioner's release on recognizance on November 1, 2023, granted him a "conditional parole" pursuant to 8 U.S.C. § 1226(a). Petitioner argues that his conditional parole was not lawfully revoked. Respondents argue that their discretion to revoke conditional parole is "immense," and that the Form I-200 administrative warrant effectively revoked that conditional parole.[2]

There is no indication in the record that Petitioner's conditional parole was ever revoked. Because Petitioner was released on his own recognizance under the Form I-220A, Petitioner's release is governed by 8 C.F.R. § 236.1(c)(9). That section reads, in full:

> When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled.

8 C.F.R. § 236.1(c)(9).

The operative Form I-220A submitted by Respondents did not indicate that the order of release was cancelled. (*See* Vandervaart Decl., Ex. D.) Indeed, the "Cancellation

---

[2] "Respondents" here includes only Federal Respondents as no response was submitted on behalf of Eric Tollefson.

of Order" section has been left entirely blank. (*Id.*) Crucially, there is no signature by any official with the discretion to revoke an order of release under 8 C.F.R. § 236.1(c)(9). And although Petitioner was served with an I-200 administrative warrant, the justification provided on that form was simply that Petitioner admitted that he lacked immigration status or was removable. (Vandervaart Decl., Ex. C.) There is no mention of his conditional parole, nor justification purporting to revoke his conditional parole. Therefore, at the time of Petitioner's detention, ICE had not revoked Petitioner's conditional parole.

The Court concludes that ICE failed to revoke Petitioner's conditional parole, meaning his parole remains intact, and his present detention is therefore unlawful. *See Bryan A.Q.C. v. Lyons*, Civ. No. 26-3165, 2026 WL 1998719, at *3 (D. Minn. July 10, 2026) (ordering release where petitioner's conditional parole was not properly revoked prior to detention). Accordingly, the Court will order his immediate release.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Luis F.M.P.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

1. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

2. Respondents must release Petitioner with all personal effects, such as identification documents, passports, or other immigration documents, and **without conditions** such as location tracking devices.

3. The parties shall provide the court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on September 29, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation by **no later than 5:00 pm on October 2, 2026**.

DATED: September 26, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge